## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY<br>One Nationwide Plaza<br>Columbus, Ohio 43215-2220 | ) ) ) ) ) |
| and | ) ) |
| NATIONWIDE MUTUAL INSURANCE COMPANY<br>One Nationwide Plaza<br>Columbus, Ohio 43215-2220 | ) ) ) ) ) |
| *Plaintiffs* | ) ) |
| v. | ) ) ) | Civil Action No. _____ |
| BEAZER HOMES, LLC<br>1000 Abernathy Road<br>Atlanta, Georgia 30328 | ) ) ) ) ) |
|     Serve on:<br>    CSC Lawyers Incorporating Service<br>    7 St. Paul Street<br>    Suite 820<br>    Baltimore, Maryland 21202 | ) ) ) ) ) ) ) |
| *Defendant* | ) ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

NOW COME the Plaintiffs, Nationwide Mutual Fire Insurance Company and Nationwide Mutual Insurance Company collectively referred to as "Nationwide"), by and through their undersigned attorneys, and for their Complaint for Declaratory Judgment and Other Relief against Defendant Beazer Homes, LLC, formerly known as Beazer Homes Corp. ("Beazer"), state as follows:

## NATURE OF THE CASE

1.      Nationwide brings this action pursuant to 28 U.S.C. §2201 for a declaratory judgment that it owes no duty to defend or indemnify Beazer under the policies of insurance Nationwide issued to Greenspring Quarry Association and The Highlands at Greenspring Quarry Association in the lawsuits filed against Beazer by the Greenspring Quarry Association and The Highlands at Greenspring Quarry Association styled *Greenspring Quarry Association, Inc. v. Beazer Homes Corp.*, Civil Action No. 1:17-cv-00645 in the United States District Court for the District of Maryland, and *The Highlands at Greenspring Quarry Village Assoc., Inc. v. Beazer Homes Corp.*, Civil Action No. 1:17-cv-00646 in the United States District Court for the District of Maryland.

## PARTIES

2.      Plaintiff Nationwide Mutual Fire Insurance Company is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business in Ohio.

3.      Plaintiff Nationwide Mutual Insurance Company is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business in Ohio.

4.      Defendant Beazer Homes, LLC, formerly known as Beazer Homes Corp. ("Beazer"), is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in Atlanta, Georgia.  Beazer conducts business and may be served with process in Maryland via its registered agent, CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202. Upon information and belief, none of Beazer's members are citizens of Ohio.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1332 as the matter in controversy involves a dispute between citizens of different states and the

amount in controversy, exclusive of interest and costs, exceeds $75,000.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) in that the

insurance policies at issue in this action were issued in this District, the parties conduct business

in this District and the case concerns resolution of insurance obligations related to lawsuits

brought in this District.

**THE UNDERLYING ACTIONS**

A.  *Greenspring Quarry Association, Inc. v. Beazer Homes*

7.      Beazer was the developer of the Quarry Lake at Greenspring Project, a mixed-use

real estate project consisting of commercial, retail, offices, residential condominium and single-

family homes.

8.      Greenspring Quarry Association, the entity created to manage and govern the use

and maintenance of the common areas for the Quarry Lake Development, filed a lawsuit against

Beazer in the Circuit Court for Baltimore County on January 25, 2017 to recover $1,556,590.00

in expenses paid for the maintenance and preservation of the common areas with the Greenspring

Quarry Development that allegedly should have been paid by Beazer according to the terms of

the Declaration of Covenants, Conditions and Restrictions (the "Greenspring Quarry Lawsuit").

A copy of the Complaint is attached hereto as Exhibit A.

9.      The Greenspring Quarry Lawsuit was removed to the U.S. District Court for the

District of Maryland on March 7, 2017.

10.     The Complaint is in three counts: Count I – Breach of Contract; Count II-Fraudulent Misrepresentation; and Count III – Negligent Misrepresentation.

11.     The Complaint alleges that Beazer created the Greenspring Quarry Association to manage and govern the use of the common areas.

12.     The Declaration, filed July 30, 2006, establishes a Board of Directors as the governing authority empowered to maintain the common areas and to assess the constituent communities the cost of same.

13.      The Complaint alleges that Beazer named several of its own employees and agents to serve as members of the Board and caused the Board to employ Tidewater Property Management to manage the property and payment of expenses for the common areas.

14.     The Complaint alleges that pursuant to the Declaration Beazer was obligated to maintain the common areas until they were conveyed to the Association on December 15, 2015.

15.     The Complaint further alleges that "[b]eginning in 2008, Beazer caused the Board of Directors, which it controlled, to instruct Tidewater to begin billing the Association for all maintenance expenses associated with the Common Areas including, but not limited to, the costs of utilities for lighting, repairs on all roads, snow removal, landscaping and the maintenance and repair of security gates and fences despite the fact that Beazer had not, in fact, conveyed any of the Common Area lots containing these facilities to the Association."

16.     The Complaint alleges that during the period January 1, 2008 and December 16, 2015, the Greenspring Quarry Association was billed for and paid $1,556,590 in expenses that were the responsibility of Beazer.

17.      Beazer tendered the Greenspring Quarry Lawsuit to Nationwide seeking a defense and indemnification pursuant to the policies of insurance Nationwide issued to the Greenspring Quarry Association, as set forth below.

B.      *The Highlands at Greenspring Valley Village Association, Inc. v. Beazer Homes Corp.*

18.      On January 27, 2017, The Highlands at Greenspring Quarry Association (the "Highlands Association"), one of the residential villages within the Greenspring Quarry development, filed a separate lawsuit against Beazer in the Circuit Court for Baltimore to recover $886,893.29 in expenses paid by the Highlands Association for maintenance and preservation of certain common areas within the Highlands at Greenspring Quarry Village that allegedly should have been paid by Beazer according to the terms of the Declaration of Covenants, Conditions and Restrictions (the "Highlands Lawsuit"). A copy of the Complaint is attached hereto as Exhibit B.

19.      The lawsuit was also removed to the United States District Court on March 7, 2017.

20.      The Complaint is in three counts: Count I – Breach of Contract; Count II- Fraudulent Misrepresentation; and Count III – Negligent Misrepresentation.

21.      The Complaint alleges that Beazer created the Highlands Association to manage and govern the use of the common areas.

22.      The Declaration, filed March 11, 2007, establishes a Board of Directors as the governing authority empowered to maintain the common areas and to assess the communities the cost of same.

23.       The Complaint alleges that Beazer named several of its own employees and agents to serve as members of the Association's Board of Directors and caused the Board to

employ Tidewater Property Management to manage the property and payment of expenses for the common areas.

24.     The Complaint alleges that pursuant to the Declaration Beazer was obligated to maintain the common areas until they were conveyed to the Association on December 15, 2015.

25.     The Complaint further alleges that "[b]eginning in 2008, Beazer caused the Board of Directors, which it controlled, to instruct Tidewater to begin billing the Association for all maintenance expenses associated with the Common Areas including, but not limited to, the costs of utilities for lighting, repairs on all roads, snow removal, landscaping and the maintenance and repair of security gates and fences despite the fact that Beazer had not, in fact, conveyed any of the Common Area lots containing these facilities to the Association."

26.     The Complaint alleges that during the period January 1, 2008 and December 16, 2015, the Highlands Association was billed for and paid $886,893.29 in expenses that were the responsibility of Beazer.

27.     Beazer tendered the Highlands Lawsuit to Nationwide seeking a defense and indemnification pursuant to the policies of insurance Nationwide issued to the Highlands Association, as set forth below.

## THE POLICIES

A.  *The Greenspring Quarry Policies*

28.     Nationwide issued the following Premier Businessowners Policies to Greenspring Quarry Association (the "Quarry Association Policies"), copies of which are attached hereto as Exhibits C through K, respectively:

| Policy number | Policy Period | Company |
|---|---|---|
| ACP BPHM 5123147087 | 12/15/09 to 12/15/10 | Nationwide Mutual Ins. Co. |
| ACP BPHM 5133147087 | 12/15/10 to 12/15/11 | Nationwide Mutual Ins. Co. |
| ACP BPHM 5143147087 | 12/15/11 to 12/15/12 | Nationwide Mutual Ins. Co. |

| | | |
|---|---|---|
| ACP BPHF 5153147087 | 12/15/12 to 12/15/13 | Nationwide Mutual Fire Ins. Co. |
| ACP BPHF 5163147087 | 12/15/13 to 12/15/14 | Nationwide Mutual Fire Ins. Co. |
| ACP BPHF 5173147087 | 12/15/14 to 12/15/15 | Nationwide Mutual Fire Ins. Co. |
| ACP BPHF 5183147087 | 12/15/15 to 12/15/16 | Nationwide Mutual Fire Ins. Co. |
| ACP BPHF 5193147087 | 12/15/16 to 12/15/17 | Nationwide Mutual Fire Ins. Co. |
| ACP BPHF 5103147087 | 12/15/17 to 12/15/18 | Nationwide Mutual Fire Ins. Co. |

B. *The Highlands Association Policies*

29.     Nationwide issued the following Premier Businessowners Policies to Highlands at

Greenspring Quarry (the "Highlands Association Policies"), copies of which are attached hereto

as Exhibits L through T, respectively:

| Policy number | Policy Period | Company |
|---|---|---|
| ACP BPHM 2404155109 | 8/26/09 to 8/26/10 | Nationwide Mutual Ins. Co. |
| ACP BPHM 2414155109 | 8/26/10 to 8/26/11 | Nationwide Mutual Ins. Co. |
| ACP BPHM 2424155109 | 8/26/11 to 8/26/12 | Nationwide Mutual Ins. Co. |
| ACP BPHM 2434155109 | 8/26/12 to 8/26/13 | Nationwide Mutual Ins. Co. |
| ACP BPHM 2444155109 | 8/26/13 to 8/26/14 | Nationwide Mutual Ins. Co. |
| ACP BPHM 2454155109 | 8/26/14 to 8/26/15 | Nationwide Mutual Ins. Co. |
| ACP BPHM 2464155109 | 8/26/15 to 8/26/16 | Nationwide Mutual Ins. Co. |
| ACP BPHM 2474155109 | 8/26/16 to 8/26/17 | Nationwide Mutual Ins. Co. |
| ACP BPHM 2484155109 | 8/26/17 to 8/26/18 | Nationwide Mutual Ins. Co. |

30.     The Highlands Association Policies and the Greenspring Quarry Policies

(collectively referred to as the "Nationwide Policies") contain the Premier Businessowners

Liability Coverage form ("Liability Coverage form"). The Insuring Agreement provides, in

pertinent part, as follows:

> I. COVERAGES
> A. COVERAGE A- BODILY INJURY AND PROPERTY
> DAMAGE LIABILITY
>   1. INSURING AGREEMENT
>     a. We will pay those sums up to the applicable Limit of
>     Insurance that the insured becomes legally obligated to pay as
>     damages because of "bodily injury" or "property damage" to
>     which this insurance applies. We will have the right and duty to
>     defend the insured against any "suit" seeking those damages
>     for which there is coverage under this policy.

HOWEVER, we will have no duty to defend the insured
against any "suit" seeking damages for "bodily injury" or
"property damage" to which this insurance does not apply.
We may, at our sole discretion, investigate any "occurrence"
and settle any claim or "suit" that may result. But:
   (1) The amount we will pay for damages is limited as
   described in Section III. LIMITS OF INSURANCE; and
   (2) Our right and duty to defend end when we have used up
   the applicable limit of insurance in the payment of judgments
   or settlements under COVERAGES A or B or medical
   expenses under COVERAGE C. No other obligation or
   liability to pay sums or perform acts or services is covered
   unless explicitly provided for under SUPPLEMENTARY
   PAYMENTS - COVERAGES A AND B.
b. This insurance applies to "bodily injury" and "property
   damage" only if:
   (1) The "bodily injury" or "property damage" is caused by
      an "occurrence" that takes place in the "coverage
      territory"; …

31.   The Liability Coverage form contain the following pertinent exclusions:

2. EXCLUSIONS
This insurance does not apply to:
a. Expected or Intended Injury
"Bodily injury" or "property damage" expected or intended from the
standpoint of the insured. This exclusion does not apply to "bodily
injury" resulting from the use of reasonable force to protect persons
or property.

***

b. Contractual Liability
"Bodily injury" or "property damage" for which the insured is
obligated to pay damages by reason of the assumption of liability in
a contract or agreement. This exclusion does not apply to liability
for damages:
(1) That the insured would have in the absence of the contract or
agreement; or
(2) Assumed in a contract or agreement that is an "insured contract',
provided the 'bodily injury' or "property damage" occurs
subsequent to the execution of the contract or agreement. Solely for
the purposes of liability assumed in an "insured contract",
reasonable attorneys' fees and necessary litigation expenses
incurred by or for a party other than an insured are deemed to be

damages because of "bodily injury" or "property damage", provided:
(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
(b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

j. Damage to Property
"Property damage" to:
1) Property you own, rent, or occupy;…

32.    The Liability Coverage form contains the following pertinent Definitions:

SECTION V — DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Property damage" means:
a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
For the purposes of this insurance, electronic data is not tangible property.
As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

33.    The Liability Coverage form defines "insured", in pertinent, as follows:

II. WHO IS AN INSURED
1.  If you are:
***

9

e. An organization other than a partnership, joint venture or limited liability, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insured, but only  with respect to their liability as stockholders.

2.  Each of the following is also an insured:
**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business….
**b.** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.
**c.** Any person or organization having proper temporary custody of your property if you die, …

**3.** With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission….

**4.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization….

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

34.   The Liability Coverage form contains the following pertinent conditions:

IV. LIABILITY CONDITIONS

The following conditions apply in addition to the COMMON POLICY CONDITIONS

***
2.  Duties in the Event of Occurrence, Offense, Claim or Suit
a. You and any insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense that may result in a claim. To the extent possible, notice should include

35.     The Nationwide Policies contain a Maryland Amendatory Endorsement, which

provides, in pertinent part, as follows:

> E. In the LIABILITY COVERAGE FORM, under Section II. WHO IS
> AN INSURED, the following is added:
>
>> 7.  The developer in the developer's capacity as a unit-owner,
>> but only with respect to the developer's liability arising out of:
>>
>>> a.  The ownership, maintenance or repair of that portion of
>>> the premises which is not owned solely by the developer; or
>>> b.  The developer's membership in the association.
>>>
>>> HOWEVER, the insurance afforded with respect to the
>>> developer does not apply to liability for acts or omissions
>>> of the developer.
>>
>> 8.  Each unit-owner of the described condominium, but only with
>> respect to that  person's liability arising out of the ownership,
>> maintenance or repair of that  portion of the premises which is not
>> owned solely by the unit-owner or out of that person's membership
>> in the association.

36.     The Greenspring Quarry Association Policies contain a Condominium

Association Coverage endorsement, which provides, in pertinent part, as follows:

> C. Under the PREMIER BUSINESSOWNERS LIABILITY
> COVERAGE FORM, the following amendments are made:
> 1.  The following is added to Section II. WHO IS AN
> INSURED:
> Each individual unit-owner of the insured condominium, but only
> for liability arising out of the ownership, maintenance or repair
> of that portion of the premises which is not reserved for that
> unit-owner's exclusive use or occupancy.

37.     The Nationwide Policies contain a Directors and Officers Liability endorsement

which provides, in pertinent part, as follows:

A. The following is added to Section I. COVERAGES:

DIRECTORS AND OFFICERS LIABILITY
(COOPERATIVES OR CONDOMINIUMS)
1. INSURING AGREEMENT
We will pay those sums up to the applicable Limit of Insurance
that the "insured", as defined in this endorsement, becomes legally
obligated to pay as damages for any "claims" made arising out of a
"wrongful act' committed during the Coverage Period shown in
the Schedule of this endorsement and to which this insurance
applies….

***

4. EXCLUSIONS
The following exclusions apply to DIRECTORS AND OFFICERS LIABILITY.
This insurance, including any duty we have to defend "suits", does not apply to
"claims":

***

g. For transactions of any "insured" gaining a personal profit or advantage
not shared equitably by your owners.

***

o. For any construction or development activities or operations performed by or
on behalf of the developer/sponsor of your association's property, including but
not limited to, loss or damage arising out of construction, construction materials,
landscape, design, surveys, or engineering services performed by or on behalf of
such developer/sponsor.

***

D. ADDITIONAL DEFINITIONS
The following additional definitions are added to Section V.
DEFINITIONS:

***

2. "Director" means a director of the Named Insureds shown on
the Declarations.

3. With respect only to the coverage provided by this endorsement
and superseding any other meaning:

12

"Insured" means:

    a. You;
    b. Your "directors" or officers", but only with respect to
       their duties for you;
    c. Your current or former;
       (1) Employees;
       (2) Committee members;
       (3) Board members;
       (4) Volunteers;
       but only while acting at your direction, or the direction of
       your "directors" or "officers", and within the scope of
       their duties for you.
    d. Your property or real estate manager;
       but only while acting at your direction, or the direction of
       your directors" or "officers", and within the scope of
       their duties for you.
       HOWEVER, your property or real estate manager is not
       an "insured" for "claims" or "suits" brought against
       them by you.
    e. Spouses of current or former "directors" or officers" and
       legally recognized domestic partners of current or former
      "directors" or "officers", but only for "claims" arising out
      of "claims" against those "directors" or "officers" and
      only while acting at your direction, or the direction of your
      "directors" or officers", and within the scope of their
      duties for you.
    f. Any other natural person, and their estate, guardian or
      legal representative, who is no longer your "director' or
      "officer" at the time of discovery of a "wrongful act', but
      who was a "director" or officer" at the time the wrongful
      act" was committed.

4.  "Officer" means a person holding any of the officer
    positions created by your charter, constitution, by-laws or any
    other similar governing document.

**COUNT I**
**DECLARATORY RELIEF**
**(NO DUTY TO DEFEND OR INDEMNIFY BEAZER IN THE HIGHLANDS LAWSUIT)**

38.     Nationwide incorporates and restates the allegations of Paragraphs 1 through 37 as if set forth fully herein.

39.     Beazer is not the named insured on the Highlands Policies, was not added as an additional insured and does not qualify as an "insured" under the definition applicable to the Liability Coverage form or Directors and Officers coverage form with respect to the losses alleged in the Highlands Lawsuit.

40.     Further, *assuming arguendo* that Beazer was an insured on the Highlands Policies, there is no coverage available for the losses alleged in the Highlands Lawsuit under the Highlands Policies because, among other reasons:

     a.     The Highlands Lawsuit does not allege "bodily injury" or "property damage" as defined by the Liability Coverage form;

     b.     The Highlands Lawsuit does not allege an "occurrence" as defined by the Liability Coverage form;

     c.     The claims asserted in the Highlands Lawsuit are barred to the extent the alleged damages did not take place during the applicable policy periods;

     d.     The claims asserted in the Highlands Lawsuit fall within various exclusions contained in the Liability coverage form including the Expected or Intended exclusion, the Contractual Liability exclusion, and the Damage to Property exclusion;

     e.     The claims asserted in the Highlands Lawsuit fall within various

exclusions of the Directors and Officers Liability coverage form including exclusion g (transactions of any "insured" gaining a personal profit or advantage not shared equally by your owners) and exclusion o (construction or development activities).

    f.        Beazer failed to provide timely notice of the claim;

41.      Accordingly, Nationwide owes no duty to defend or indemnify Beazer in the Highlands Lawsuit under the Highland Association's Policies.

42.      An actual controversy exists between Nationwide and Beazer concerning the parties' rights, duties and obligations under the Highlands Policies.

43.      A declaratory judgment is necessary in order to resolve the dispute and end the uncertainties among the parties concerning their rights, duties and obligations under the Highlands Policies.

WHEREFORE, Plaintiffs pray for the following relief:

    A.      That the Court declare the rights, duties and obligations of the parties;

    B.      That the Court declare that Nationwide has no duty to defend or indemnify Beazer in the Highlands Lawsuit;

    C.      For such other and further relief as this Court deems just and proper.

## COUNT II – DECLARATORY JUDGMENT
### (NO DUTY TO DEFEND OR INDEMNIFY BEAZER IN THE GREENSPRING QUARRY LAWSUIT)

44.      Nationwide incorporates and restates the allegations of Paragraphs 1 through 37 as if set forth fully herein.

45.     Beazer is not the named insured on the Greenspring Quarry Policies, was not added as an additional insured and does not qualify as an "insured" under the definition applicable to the Liability Coverage form or the Directors and Officers Liability coverage form with respect to the losses alleged in the Greenspring Quarry Lawsuit.

46.     Further, *assuming arguendo* that Beazer was an insured on the Greenspring Quarry Policies, there is no coverage available for the losses alleged in the Greenspring Quarry Lawsuit under the Greenspring Quarry Policies because, among other reasons:

a.     The Greenspring Quarry Lawsuit does not allege "bodily injury" or "property damage" as defined by the Liability Coverage form;

b.     The Greenspring Quarry Lawsuit does not allege an "occurrence" as defined by the Liability Coverage form;

c.     The claims asserted in the Greenspring Quarry Lawsuit are barred to the extent the alleged damages did not take place during the applicable policy periods;

d.     The claims asserted in the Greenspring Quarry Lawsuit fall within various exclusions in the Liability coverage form including the expected or Intended exclusion, the Contractual Liability exclusion, and the Damage to Property exclusion;

e.     The claims asserted in the Greenspring Quarry Lawsuit fall within various exclusions in the Directors and Officers Liability coverage form including exclusion g (transactions of any "insured" gaining a personal profit or advantage not shared equally by your owners) and exclusion o (construction or development activities).

        f.        Beazer failed to provide timely notice of the claim;

47.     Nationwide owes no duty to defend or indemnify Beazer in the Greenspring Quarry Lawsuit under the Greenspring Association's Policies.

48.     An actual controversy exists between Nationwide and Beazer concerning the parties' rights, duties and obligations under the Greenspring Quarry Policies.

49.     A declaratory judgment is necessary in order to resolve the dispute and end the uncertainties among the parties concerning their rights, duties and obligations under the Greenspring Quarry Policies.

WHEREFORE, Plaintiffs pray for the following relief:

        A.       That the Court declare the rights, duties and obligations of the parties;

        B.       That the Court declare that Nationwide has no duty to defend or indemnify Beazer in the Greenspring Quarry Lawsuit;

        C.       For such other and further relief as this Court deems just and proper.

                                  /s/
                                  Steven E. Leder (Bar I.D. No. 00377)
                                  Julie F. Maloney (Bar I.D. No. 26252)
                                  Leder & Hale P.C.
                                  401 Washington Avenue, Suite 600
                                  Baltimore, Maryland 21204
                                  443-279-7900
                                  leder@lederhale.com
                                  maloney@lederhale.com
                                  *Attorneys for Plaintiffs, Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company*